UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIK G. KENNEY,

                      Petitioner,

                                                      9:24-CV-0465
                                                      (GTS)
M.J. KING, Superintendent,

                      Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

ERIK G. KENNEY
Petitioner, pro se
19-B-0773
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No.

1, Petition ("Pet."). Petitioner also applied to proceed in forma pauperis ("IFP"). Dkt. No. 2,

IFP Motion.

      On April 11, 2024, the case was administratively closed due to petitioner's failure to

properly commence it. Dkt. No. 3, Administrative Order. Petitioner was given thirty (30) days

1

to either (1) pay the statutory filing fee or (2) submit a properly certified IFP application. *Id.* at 2.[1, 2]

Petitioner timely filed a second IFP application, and the case was restored to the Court's active docket. Dkt. No. 4, Second IFP Motion; Dkt. No. 5, Text Order (reopening case).

For the reasons which follow, (1) petitioner's second IFP application is granted and (2) petitioner shall have thirty (30) days to clarify his intentions to the Court.

## II. SECOND IFP APPLICATION

Based on petitioner's certified second IFP Application, Dkt. No. 4, he is eligible to proceed with this action without paying the statutory filing fee. Petitioner will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying fees ($.50 per page).

## III. BACKGROUND

Petitioner's underlying criminal conviction is from a 2019 judgment, pursuant to a jury verdict in Herkimer County, for first degree rape. Pet. at 1-2; *accord People v. Kenney*, 209 A.D.3d 1301, 1301-02 (4th Dep't 2022). The New York State Appellate Division, Fourth Department, affirmed the conviction and, on December 22, 2022, the New York State Court of Appeals denied petitioner's application for leave to appeal.[3] *Kenney*, 209 A.D.3d at 1302,

---

[1] The statutory filing fee for a federal habeas corpus action is $5.00. 28 U.S.C. § 1914(a); N.D.N.Y.L.R. 5.1.3; Rule 3, Rules Governing Section 2254 Cases in the United States District Courts.

[2] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] Petitioner argued that he was entitled to relief on direct appeal because (1) his conviction was not supported by legally sufficient evidence, (2) his due process rights were violated when the trial court erred and permitted a witness to testify about a prior incident with the petitioner, to establish a common scheme, without first holding a *Molineaux* hearing; (3) his due process rights were violated when the trial court improperly permitted the victim's parents' to provide testimony bolstering that of the victim's during the trial; (4) his sentence was unduly harsh as it was enhanced by his decision to go

2

*lv. appeal denied by*, 39 N.Y.3d 986 (2022).  Petitioner did not seek certiorari from the United States Supreme Court or otherwise collaterally challenge his state court conviction.  Pet. at 2-3.

Petitioner argues that he is entitled to federal habeas relief because (1) his conviction is supported by legally insufficient evidence, Pet. at 5-9; (2) the trial court erred in admitting testimony that was designed "solely to demonstrate [the] propensity to commit the crime charged," *id.* at 9-13; (3) the trial court erred by allowing the victim's parents to provide testimony which bolstered that provided by the victim, *id.* at 13-15; (4) petitioner's sentence is unduly harsh, and seemingly a punishment for exercising his constitutional right to proceed to trial, when compared to the sentence offered in his plea deal, *id.* at 15-16; and (5) the trial court erred in denying petitioner's motion to set aside his verdict because the jurors improperly and unlawfully examined an article of clothing which was intended to be used solely for identification and was not admitted into evidence, *id.* at 17-18.  For a more complete statement of petitioner's claims, reference is made to the petition.

Petitioner also indicates that he "will seek to amend [the] petition after submission prior to New York's answer to include the appropriate arguments of ineffective assistance of trial and appellate counsel[,]" with regard to the arguments that both trial and appellate counsel either did or did not make surrounding petitioner's assertion that the trial court erred in allowing testimony that was intended to show petitioner's propensity to commit a sexual assault.  Pet. at 11.  Further, petitioner refers to "his future request for a 'stay and abeyance'

---

to trial instead of taking a much lesser sentence as part of a plea bargain; and (5) the trial court erred in summarily denying petitioner's motion to set aside the verdict.  Pet. at 2-3; *see also Kenney*, 209 A.D.3d at 1302-06 (discussing the merits of petitioner's claims).

3

prior to New York's answer," and discusses the merits of the purported failures that his trial and appellate counsels made.  *Id.*

IV.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Here, the five claims that petitioner advances appear to mirror those previously raised in his direct appeal.  Therefore, the undersigned presumes, without conclusively deciding, that the petitioner is correct in concluding that these claims are properly exhausted.  Pet. at 5, 9, 13, 15.

Petitioner also indicates that he intends on filing a motion to amend to add claims about the ineffective assistance his trial and appellate counsel provided.  Pet. at 11.  Taking these statements at face value, it appears that petitioner's ineffective assistance of trial and appellate counsel claims are not currently part of the instant pleading.

In order for a claim to be added, as the result of a motion to amend, the claim must be properly exhausted.  See *Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).  Accordingly, the undersigned considered whether the ineffective assistance of counsel claims were properly exhausted and could be the subject of a successful motion to amend, consistent with petitioner's stated intentions.  While the Fourth Department's decision addresses, and ultimately rejects, various claims petitioner made about the effectiveness of his trial counsel, *Kenney*, 209 A.D.3d at 1304 &1305, no arguments were made at all about his appellate counsel.  Thus, the undersigned again presumes, without definitively concluding, that petitioner's ineffective assistance of trial counsel claims appear exhausted while his appellate counsel claims do not.  Therefore, petitioner is left in a place where, if he wishes to move forward with his ineffective assistance of counsel claims, he may be able to file a partially successful motion to amend his petition and include only those claims related to his trial counsel.

Alternatively, granting the petitioner special solicitude to acknowledge and honor what the undersigned believes the petitioner may want to do, if the Court were to instead read the pleading as presently asserting both the ineffective assistance of trial and appellate counsel claims, the Court would be presented with a mixed petition.  See *Rhines v. Weber*, 544 U.S.

5

269, 275-76 (2005) (explaining that a "mixed petition" included both exhausted and unexhausted claims). When a district court is presented with a "mixed petition" it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Id.* The Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . . and . . . will be the only appropriate course . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)).[4]

In evaluating "whether a stay and abeyance is appropriate in [the] particular case [of a mixed petition, courts are] governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2

---

[4] The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.

As petitioner noted, the New York Court of Appeals denied petitioner's application for leave to appeal on December 22, 2022. *Kenney,* 39 N.Y.3d at 986. Petitioner's conviction was due to become final ninety days later, on March 22, 2023. *Thaler*, 565 U.S. at 148-49. Petitioner, therefore, had until March 22, 2024, before the limitations period expired.

While the signature page indicates a date of April 1, 2024, the paragraph above states that the instant pleading was placed into the facility's mail system on March 1, 2024, Pet. at 20, which is further corroborated by the postmark on the envelope which contained the pleading which is dated March 15, 2024, Dkt. No. 1-1 at 1. Therefore, the Court concludes that petitioner timely filed the instant action on March 1, 2024. However, now the limitations period has expired; therefore, dismissing the entire action would prejudice petitioner from being able to pursue his federal rights. Therefore, petitioner would be permitted to continue with any exhausted claims while any unexhausted ones would be denied.

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). However, none of those situations are applicable to the instant action.

(S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness).  Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless."  544 U.S. at 277.  While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Assuming that petitioner would (1) prefer for the undersigned to read the pleading to include both his ineffective assistance of counsel claims and (2) intend for the pleading to also serve as a protective filing, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition.  Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal.  Further, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court.  In fact, petitioner cogently explained why his petition was timely and that his other claims were properly exhausted through engaging in all steps of a direct appeal.  Pet. at 19 (explaining why the action is timely); *id.* at 5, 9, 13, 15 (explaining which claims are exhausted).  Thus, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court.  *Cf Rivera*, 2017

WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).  Therefore, it does not appear that a stay would be appropriate at this time.

Instead, if petitioner wishes to include his ineffective assistance of appellate counsel claims in his petition, he would first need to file a collateral state court proceeding to exhaust those claims and then seek to stay the instant action and eventually request permission to amend his pleadings to add them to the action after they are exhausted.  The first two steps are intertwined and require petitioner to commence a parallel state court proceeding, which would then trigger this Court to reevaluate the need for a stay.  This is because, as previously discussed, dismissing the instant petition at this point could prejudice petitioner from being able to exercise his federal habeas rights.

If petitioner instead wishes to abandon his ineffective assistance of appellate counsel claims, he can move forward with one of two options.  First, petitioner could continue with the five arguably exhausted and previously articulated claims listed in this Decision and Order, which were also the basis of his direct appeal.  Second, petitioner could confirm that the undersigned was correct to construe the petition to include a claim for ineffective assistance of trial counsel, in addition to the five other claims in the petition.

Whichever path petitioner chooses, he is reminded that because he seeks relief pursuant to section 2254, any potential claims are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b).  Petitioners are generally permitted to only file one

section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b). Because of these restrictions, if petitioner chooses to omit his ineffective assistance of counsel claims and move forward with his petition as is, he may be forever losing the ability to bring those claims in federal court.

In sum, there are deficiencies with the petition and it is unclear to the Court how petitioner would prefer to proceed. Accordingly, petitioner shall have thirty (30) days to do one of the following:

(1) File proof of commencement of a collateral state court proceeding addressing petitioner's unexhausted ineffective assistance of appellate counsel claims and indicate that he would like the Court to construe the instant pleading as also claiming that his trial and appellate counsel were constitutionally ineffective and determine whether a stay is appropriate; or

(2) Proceed with the five stated claims in the petition as well as a claim for constitutionally ineffective trial counsel and abandon any claims of ineffective appellate counsel (which means that petitioner **would not** have to file a parallel state court challenge or ask for the Court to consider whether a stay or motion to amend is appropriate); or

(3) Proceed with the five stated claims in the petition as is, which were the basis of petitioner's direct appeal and arguably properly exhausted, and abandon any

claims of constitutionally deficient representation at either the trial or appellate levels. If petitioner chooses to do nothing within the next thirty (30) days, the Court will allow the action to move forward with these five claims.

## V.     CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's second IFP application, Dkt. No. 4, is **GRANTED**, and it is further

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must indicate his preferred choice from the three options outlined above; and it is further

**ORDERED** that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that if petitioner fails to take any action, the Court will allow the case to move forward with the five claims outlined in this Decision and Order; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated:  May 23, 2024
        Syracuse, New York

_Glenn Suddaby_
Glenn T. Suddaby
U.S. District Judge